UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                Case No. 18-20719-12

v.                                      Honorable Thomas L. Ludington

JACKIE LEE KNUCKLES, JR.,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COUNSEL**

On October 3, 2019, Defendant Jackie Lee Knuckles, Jr. pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 253. He was sentenced to 60 months incarceration. ECF No. 338. On August 12, 2020, Defendant sent a letter requesting appointment of counsel to help him prepare a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 407. His letter is construed as a motion for the appointment of counsel, which will be denied.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and the appointment of counsel is only required where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could

- 2 -

not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Defendant has not demonstrated that appointment of counsel is warranted. Seeking compassionate relief does not involve complex facts or legal doctrines that would prevent Defendant from effectively bringing his claim on his own behalf. The requirements for compassionate release are stated in the statute. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant only states that he would like an appointed attorney and does not further elaborate on his request.

Accordingly, it is **ORDERED** that Defendant's Motion for the Appointment of Counsel, ECF No. 407, is **DENIED**.

Dated: October 22, 2020                                s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Jackie Lee Knuckles, Jr.** #57674-039, MCKEAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 8000, BRADFORD, PA 16701 by first class U.S. mail on October 22, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager