UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case No. 1:18-cr-20719-12

v.                                             Honorable Thomas L. Ludington
                                                   Magistrate Judge Patricia T. Morris

JACKIE LEE KNUCKLES, JR.,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On October 3, 2019, Defendant Jackie Lee Knuckles, Jr. pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 253. He was sentenced to five years' imprisonment and four years' supervised release. ECF No. 338. He is currently housed at Federal Correctional Institute, McKean ("FCI McKean") in Pennsylvania.

On August 19, 2021, Defendant filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which the Government opposed. ECF Nos. 518; 520. As of this Order, Defendant has not filed a reply brief.

As explained below, Defendant's Motion for Compassionate Release will be denied because he has not demonstrated an extraordinary and compelling reason for a sentence reduction.

**I.**

Defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)—a form of relief commonly referred to as "compassionate release." A motion for relief under section 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion: a defendant may move for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." . . . At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## II.

### A.

The first issue is whether, before filing his Motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his Motion. *See* 18 U.S.C § 3582(c)(1)(A).

The Government concedes that Defendant properly exhausted his administrative remedies. *See* ECF No. 520 at PageID.2768. Therefore, this Court need not consider the exhaustion issue

any further. *See Alam*, 960 F.3d at 834 (holding that the exhaustion requirement "must be enforced" if "properly invoked").

**B.**

The next issue is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). Although Congress did not define "extraordinary and compelling reasons," the Sentencing Commission has identified several reasons that qualify as "extraordinary and compelling." *See* U.S.S.G. § 1B1.13 comment n.1 (identifying various medical conditions and family circumstances). But, following the enactment of the First Step Act of 2018, the Sixth Circuit held that "§ 1B1.13 [is] 'inapplicable' to cases where an imprisoned person files a motion for compassionate release."[1] *Jones*, 980 F.3d at 1109 (quoting *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)). Therefore, "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.*

But that discretion is not unfettered. *United States v. Hunter*, No. 21-1275, 2021 WL 3855665, at *4 (6th Cir. Aug. 30, 2021) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005)). Recently, the Sixth Circuit endorsed a textual analysis whereby courts must look to the ordinary meaning of the terms "extraordinary" and "compelling" to assess the defendant's proffered reasons. *See id.* (noting that when section 3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," and "compelling" meant

---

[1] But the district court may "consider [§ 1B1.13] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release." *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021).

"forcing, impelling, driving." (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971)) (cleaned up)).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling," as commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant requests compassionate release based on the incapacitation of his fiancée, who is the primary caregiver for their three minor children. *See* ECF No. 518 at PageID.2752. According to his Presentence Investigation Report ("PSR"), Defendant's fiancée is "medically disabled." The PSR also indicates that one of Defendant's children was diagnosed with autism and has "limited verbal skills." Defendant claims that there are is no other caregiver for his children because his mother has a brain tumor and his father "is neither capable [n]or willing to care for [his] [three] children." *See* ECF No. 518 at PageID.2752.

Defendant's family circumstances, though surely difficult, do not constitute an extraordinary and compelling reason for reducing his sentence. The Sixth Circuit Court of Appeals has clearly stated that "facts that existed when the defendant was sentenced cannot later be construed as 'extraordinary and compelling' justifications for a sentence reduction." *Hunter*, 2021 WL 3855665 at *4. A contrary rule, according to the Sixth Circuit, would "render[] the general rule of finality and the extraordinary-and-compelling-reasons requirement 'superfluous, void or insignificant.'" *Id.* at *9 (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)).

As demonstrated by the PSR, Defendant's family circumstances were known and considered at the time of sentencing. Indeed, Defendant's counsel specifically referenced the

autism diagnosis in his sentencing memorandum. *See* ECF No. 336 at PageID.1343. And Defendant has not demonstrated or even alleged that his fiancée's condition has worsened since the time of sentencing. This Court cannot "simply tak[e] facts that existed at sentencing and repackage[e] them as 'extraordinary and compelling.'" *See Hunter*, 2021 WL 3855665, at *9.

Therefore, Defendant has not demonstrated an extraordinary and compelling reason for reducing his sentence. Accordingly, this Court declines to consider whether the § 3553 factors would warrant a sentence reduction. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 518, is **DENIED**.

Dated: October 6, 2021                                s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge